UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK RICK** | **CIVIL ACTION** |
| **versus** | **NO. 12-2617** |
| **N. BURL CAIN, WARDEN** | **SECTION: "I" (3)** |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, Derrick Rick, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, serving two consecutive life sentences for first degree murder.[1] On November 5, 2013, the undersigned issued a Report and Recommendation which concluded that all of the claims asserted in petitioner's federal *habeas corpus* application should be denied.[2] On December 4, 2013, the United States District Judge adopted that Report and Recommendation; however, the matter was remanded to the undersigned for consideration of an additional claim which petitioner raised for the first time in his objections to the Report and Recommendation, i.e. that his counsel was ineffective for refusing to allow petitioner to testify at a suppression hearing.[3] For the following reasons, it is recommended that the new claim likewise be denied and that petitioner's federal application be dismissed.

---

[1] See State v. Rick, No. 2007 KA 1514, 2008 WL 426288 (La. App. 1st Cir. Feb. 8, 2008), writ denied, 992 So.2d 1009 (La. 2008).

[2] Rec. Doc. 18.

[3] Rec. Doc. 20; Rick v. Cain, Civ. Action No. 12-2617, 2013 WL 6388641 (E.D. La. Dec. 4, 2013).

I.  Failure to Exhaust/Procedural Default

First, it is clear that the new claim is unexhausted.[4]  Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in the state courts before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).  That requirement applies to all levels of review in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "each appropriate state court (including a state supreme court with powers of discretionary review)." Baldwin v. Reese, 541 U.S. 27, 29 (2004).  Here, petitioner has never argued to the state courts, either on direct review or on collateral review, that his counsel was ineffective for refusing to allow him to testify at the suppression hearing.[5]  As a result, he obviously failed to exhaust his state court remedies with respect to that claim.

Second, any attempt by petitioner to now bring the claim in the state courts would clearly be denied based on the state's procedural rules.  For example, because petitioner has already sought and been denied post-conviction relief in the state courts, any new application asserting this additional claim would be denied as repetitive.  See La.C.Cr.P. art. 930.4(E) ("A successive

---

[4] A federal court may raise *sua sponte* the lack of exhaustion. Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998); Shute v. Texas, 117 F.3d 233, 237 (5th Cir. 1997).

[5] The Court notes that petitioner did raise an ineffective assistance of counsel claim in the state post-conviction proceedings. However, because that claim rested on a different theory, i.e. that counsel was ineffective for failing to object when a state's witness voiced a personal opinion, it is irrelevant to the issue of whether the instant claim is exhausted.  See Ogan v. Cockrell, 297 F.3d 349, 358 (5th Cir. 2002); Burns v. Estelle, 695 F.2d 847, 849-50 (5th Cir. 1983); Evans v. Rader, Civ. Action No. 13-0196, 2013 WL 2154124, at *2 n.13 (E.D. La. Apr. 23, 2013).

application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application."). Further, because petitioner's conviction became final in 2008, any new application would also be rejected by the state courts as untimely. See La.C.Cr.P. art. 930.8(A) (establishing a two-year statute of limitations for state post-conviction applications). Therefore, the claim is also defaulted in this federal proceeding. See, e.g., Bledsue v. Johnson, 188 F.3d 250, 254 (5th Cir. 1999) ("Procedural default exists where ... the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred.").[6]

Of course, in limited circumstances, a *habeas* petitioner may still be afforded federal review of a defaulted claim. Specifically, this Court may review a defaulted claim if petitioner demonstrates either (1) the existence of "cause" *and* "prejudice" or (2) that a failure to address the claim will result in a "fundamental miscarriage of justice." See, e.g., Bagwell v. Dretke, 372 F.3d 748, 756-57 (5th Cir. 2004). Here, petitioner has demonstrated neither.

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted) (emphasis in original). Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural

---

[6] Because petitioner first asserted this claim after the state filed its response in this proceeding, the state has not had the opportunity to raise the procedural bar. However, a federal *habeas* court has the discretion to raise a procedural default *sua sponte*. Prieto v. Quarterman, 456 F.3d 511, 518 (5th Cir. 2006); Magouirk v. Phillips, 144 F.3d 348, 357-58 (5th Cir. 1998). Accordingly, petitioner is hereby specifically instructed that this Supplemental Report and Recommendation is notice to him that this Court is *sua sponte* raising the procedural bar. See Prieto, 456 F.3d at 519; Magouirk, 144 F.3d at 359.

rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel. Romero v. Collins, 961 F.2d 1181, 1183 (5th Cir. 1992). In the instant case, petitioner has made no effort to establish cause for the failure to properly pursue the defaulted claim. "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

Because petitioner has not met the "cause and prejudice" test, this Court need address the claim only if the application of the procedural bar would result in a fundamental miscarriage of justice. In order to establish that there would be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted). The United States Fifth Circuit Court of Appeals has held:

> To demonstrate actual innocence, it is necessary that the petitioner show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt ... in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial.

Lucas v. Johnson, 132 F.3d 1069, 1077 (5th Cir. 1998) (quotation marks and citations omitted). Applying that standard, the Court finds that petitioner has not made a persuasive showing that he is actually innocent in the instant case. On the contrary, the evidence of petitioner's guilt, including the fact that *he confessed to the crimes and disclosed the location of the murder weapon*, was overwhelming. Therefore, he has not demonstrated that any miscarriage of justice will result from

this Court's failure to consider the defaulted claim.  Accordingly, the claim is procedurally barred in this federal proceeding and is subject to denial on that basis.

## II.  Lack of Merit

Lastly, even if the claim were exhausted and not procedurally barred, it has no merit for the following reasons.  Therefore, it is alternatively subject to denial on that basis as well.[7]

The facts relating to petitioner's new claim are relatively simple.  On December 10, 2002, defense counsel filed a motion to suppress petitioner's inculpatory statement on the grounds that it was given at a time when he was under the influence of narcotics.[8]  A hearing was held on that motion on January 7, 2003.[9]  At that hearing, Sergeant Gary Baham testified that petitioner (1) was advised of his Miranda rights[10] prior to questioning, (2) acknowledged in writing that he understood those rights, (3) did not appear to be under the influence of drugs or alcohol when questioned, although he stated that he had taken an over-the-counter caffeine stimulant, (4) appeared to understand the questions and had no trouble expressing himself, (5) invoked his right to counsel

---

[7] A federal court has the authority to deny *habeas* claims on the merits regardless of whether the petitioner exhausted his state court remedies and whether exhaustion is waived by the state. 28 U.S.C. § 2254(b)(2); Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998); Woods v. Cain, Civ. Action No. 06-2032, 2008 WL 2067002, at *8 n.8 (E.D. La. May 13, 2008).  Likewise, a federal court may deny a claim on the merits even if it is arguably procedurally barred.  See Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995); Wiley v. Puckett, 969 F.2d 86, 104 (5th Cir. 1992); Corzo v. Murphy, Civ. Action No. 07-7409, 2008 WL 3347394, at * 1 n.5 (E.D. La. July 30, 2008); Lee v. Cain, Civ. Action No. 06–9669, 2007 WL 2751210, at *9 (E.D. La. Sept. 18, 2007).

[8] State Rec., Vol. I of XIII, Motion to Suppress Statement.

[9] A transcript of that hearing appears in Volume II of the state court record.

[10] See Miranda v. Arizona, 384 U.S. 436 (1966).

during questioning, and (6) was asked no further questions (other than questions concerning routine information for the booking process) after that invocation of his rights. Detective Jerry McDowell also testified at the hearing. He stated that petitioner (1) had been advised of his rights before McDowell arrived, (2) did not appear to be under the influence of drugs or alcohol at the time of questioning, (3) did not appear to have any difficulty in understanding or answering questions, (4) invoked his right to counsel during questioning, and (5) was asked no further questions after that invocation of his rights. Petitioner was not called to testify at that hearing. The motion was denied.

On December 19, 2005, defense counsel then filed a motion to suppress evidence. In that motion, it was argued that the murder weapon should be suppressed as "fruit of the poisonous tree" because police learned of its location from petitioner while illegally questioning him after he had invoked his right to counsel.[11] Without taking any additional evidence, the trial judge denied that motion on January 11, 2006, holding that the issue had been resolved at the prior proceedings.[12]

As noted, petitioner now claims that his counsel was ineffective for refusing to allow him to testify at the initial suppression hearing. The United States Supreme Court has established a two-pronged test for evaluating claims of ineffective assistance of counsel. Specifically, a petitioner seeking relief must demonstrate both that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 697 (1984). A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." Jernigan v. Collins, 980 F.2d 292,

---

[11] State Rec., Vol. X of XIII, Motion to Suppress Evidence.

[12] State Rec., Vol. III of XIII, transcript of January 11, 2006.

296 (5th Cir. 1993); see also Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong. Strickland, 466 U.S. at 697.

To prevail on the deficiency prong of the Strickland test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. See Strickland, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690). A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

To prevail on the prejudice prong of the Strickland test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In making a determination as to whether prejudice occurred, courts must review the record to determine "the

relative role that the alleged trial errors played in the total context of [the] trial." Crockett, 796 F.2d at 793.

Here, petitioner has offered nothing in support of his bald and self-serving allegation that counsel "refused" to allow him to testify at the suppression hearing. Moreover, he does not allege and the record does not suggest that he ever made known to the trial court that his counsel was refusing to allow him to testify despite a stated desire to do so. Of course, the mere fact that petitioner failed to stand up in open court and insist on testifying should not be dispositive of the issue. See United States v. Mullins, 315 F.3d 449, 455 (5th Cir. 2002); see also United States v. Araujo, 77 Fed. App'x 276 (5th Cir. 2003). Nevertheless, this Court cannot ignore the fact that petitioner has never presented *any* evidence to corroborate his allegations, and that dooms his claim. As the United States Seventh Circuit Court of Appeals noted in a case in which a petitioner asserted an analogous claim that he had been denied the right to testify at trial by his counsel:

> There is grave practical difficulty in establishing a mechanism that will protect a criminal defendant's personal right (that is, a right not waivable by counsel) to testify on his own behalf without rendering the criminal process unworkable. It is extremely common for criminal defendants not to testify, and there are good reasons for this, as we have seen. Yet it is simple enough after being convicted for the defendant to say, "My lawyer wouldn't let me testify. Therefore I'm entitled to a new trial." ...
> ... [A] barebones assertion by a defendant, albeit made under oath, is insufficient to require a hearing or other action on his claim that his right to testify in his own defense was denied him. It just is too facile a tactic to be allowed to succeed. Some greater particularity is necessary – and also we think some substantiation is necessary, such as an affidavit from the lawyer who allegedly forbade his client to testify – to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim.

Underwood v. Clark, 939 F.2d 473, 475-76 (7th Cir. 1991); see also Richthofen v. Cain, Civ. Action No. 05-5701, 2008 WL 630477, at *44-45 (E.D. La. Mar. 7, 2008); Curtis v. Cain, Civ. Action No. 06-1676, 2008 WL 482849, at *8-9 (E.D. La. Feb. 13, 2008); Baker v. Cain, Civ. Action No. 06-2039, 2007 WL 2174959, at *10-11 (E.D. La. July 26, 2007); White v. Cain, Civ. Action No, 06-1576, 2006 WL 3703240, at *4-5 (E.D. La. Dec. 11, 2006); Turcios v. Dretke, No. Civ. A. H-97-0515, 2005 WL 3263918, at *6 (S.D. Tex. Nov. 29, 2005).[13]

Further, even if the Court were to assume for the purposes of this decision that petitioner had a right to testify at the suppression hearing and that counsel did in fact refuse to allow him to testify despite a stated desire to do so, relief still would not be warranted unless petitioner established that he was actually prejudiced by counsel's action. See, e.g., Lewis v. United States, 491 Fed. App'x 84, 86 (11th Cir. 2012); United States v. Pierce, 959 F.2d 1297, 1304 n.13 (5th Cir. 1992). He has not made that showing. In this case, there was substantial evidence that petitioner's confession was not improper on the bases alleged. For example, prior to questioning, he signed an

---

[13] Out of an abundance of caution, the Court further notes that if petitioner is perhaps also alleging that his counsel was ineffective for failing to call him testify, that claim fares no better. A decision whether to put a criminal defendant on the stand "is a 'judgment call' which should not easily be condemned with the benefit of hindsight." United States v. Garcia, 762 F.2d 1222, 1226 (5th Cir. 1985); see also Amos v. Cain, Civ. Action No. 04-2029, 2008 WL 782472, at *11 (E.D. La. Mar. 20, 2008). Further, such a matter is inherently one of trial strategy, and federal *habeas* courts are not to lightly second-guess counsel's decisions on matters of trial tactics; rather, courts are to employ a strong presumption that counsel's conduct falls within a wide range of reasonable assistance and, under the circumstances, might be considered sound trial strategy. Strickland, 466 U.S. at 689. Petitioner has not demonstrated that there is a valid reason to vary from that general rule in this case, especially when the slim possibility of any benefit from petitioner's uncorroborated, self-serving testimony is weighed against the potential risks. For example, there is a risk that a defendant's testimony at a suppression hearing might later be used to impeach his testimony in the event he decides to testify at trial. See Reinert v. Larkins, 379 F.3d 76, 96 n.5 (3rd Cir. 2004).

advisement of rights form which included the following declaration: "I knowingly and purposely waive my right to the advice and presence of a lawyer while I am being questioned and *I understand that at anytime I decide to exercise my right to a lawyer that all questioning will be stopped* and I will not be denied my request for a lawyer."[14] Two officers testified at the suppression hearing that questioning was in fact stopped when petitioner requested a lawyer, and they further testified that petitioner did not appear to be impaired in any way during questioning. In light of that evidence, there is simply no reasonable probability that the result of the proceeding would have been different if only petitioner had been allowed to offer his own uncorroborated, self-serving contrary testimony at the suppression hearing.

For these reasons, even if petitioner's unexhausted and procedurally barred claim is considered on the merits, relief should be denied.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of **Derrick Rick** for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[14] State Rec., Vol. X of XIII, Rights Form (emphasis added).

a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[15]

New Orleans, Louisiana, this thirteenth day of February, 2014.

*Daniel E. Knowles, III* (signature)

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.